[Civ. No. 4149. Second Appellate District, Division One.—November 28, 1924.]

## B. H. BEERY, Respondent, v. CARTER DE HAVEN, Appellant.

[1] CONTRACTS — LANDSCAPING WORK — ACTION TO RECOVER BALANCE DUE — DISPUTED CHECKS — EVIDENCE. — In an action to recover a balance due upon the total cost for which plaintiff agreed in writing to perform all the work required for the landscaping of the grounds surrounding defendant's home, consisting of planting flowers, trees, and shrubs, conceding that under such written contract the plaintiff, at his own expense, was to provide all the shrubbery to be planted thereunder, it was not error for the trial court to admit evidence showing that subsequent to said written contract defendant ordered and paid for certain trees and shrubbery covered by checks, which defendant claimed were given in payment of the amount due plaintiff on the contract, and which the trial court found were not so given.

[2] ID.—FINDINGS—EVIDENCE—APPEAL.—In such action, the findings of the trial court that defendant was indebted to plaintiff for the balance due upon the contract, that plaintiff had completed his contract, and that plaintiff was entitled to interest from the date of the completion of the contract, are conclusive on appeal where they are based on conflicting evidence.

(1) 22 C. J., p. 1274, sec. 1693.   (2) 4 C. J., p. 883, sec. 2855.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. LaPlante for Appellant.

Fletcher, Quillian and Harrah, Louis & Blodgett for Respondent.

CURTIS, J.—Defendant employed plaintiff, a landscape gardener, to lay out and plant to flowers, trees, and shrubs, the grounds surrounding the home of the former in the city of Hollywood. The agreement between the parties was verbal and under its terms plaintiff was to purchase the shrubbery required and provide the labor necessary to plant the same,

and in consideration thereof defendant was to reimburse plaintiff for the moneys so expended and to pay him in addition thereto fifteen per cent on all moneys so paid out. Plaintiff entered upon the performance of this contract and, after a certain amount of the work required thereunder had been performed, he presented to defendant a statement of the moneys due up to the date thereof. Upon presentation of this statement to defendant, the question of the total cost of the work was discussed by the parties. As a result of this discussion a new contract was entered into between them, whereby plaintiff agreed, for the sum of $2,500 ($1,500 of which was then paid), to perform all the work required for the landscaping of defendant's grounds, consisting of planting flowers in garden, surrounding swimming pool with six-foot high foliage, planting all boxes and hanging baskets, and planting vines and greens on bare spots. This contract was in writing and bore date September 4, 1920.

It is alleged in the complaint that plaintiff completed the contract and that the sum of $550 remained unpaid thereon. Defendant denied that the contract had been completed and further alleged payment to plaintiff in the full sum of $2,500. Plaintiff testified that defendant had paid on account of the contract the sum of $1,950 and no more. On the other hand, defendant testified that he had paid plaintiff more than said sum of $2,500. Included in this amount of $2,500, which defendant claimed he had paid to plaintiff, were a number of smaller amounts, evidenced by checks and aggregating over $550. Some of these checks were given to third persons and the others were given to the plaintiff direct. The defendant testified that they were all given at the instance and request of plaintiff and in payment of the amount due plaintiff on the contract. The plaintiff, on the other hand, denied that any of these checks were given in payment of the amount due on the contract. Each party from his own standpoint explained quite fully the nature of these payments as he understood them and the manner and purpose for which they were made. The trial court found in favor of the plaintiff and rendered judgment against the defendant for the sum of $550, and interest from the date of the completion of the contract amounting to $64.16, and from this judgment plaintiff has appealed.

[1] Appellant first contends that it was error to permit the introduction of parol evidence of a collateral agreement to vary the terms of a written agreement, unless it clearly appears that such oral agreement was made subsequent to the written contract. We presume that appellant by this objection refers to the testimony given by plaintiff that some of these disputed checks, hereinbefore referred to, were given in payment of trees and shrubs, which the defendant insisted should be placed in his grounds and which he purchased at his own instance and agreed to pay for, and did pay for, at the time of their purchase, by these very checks. Conceding that under the written contract between the parties the plaintiff, at his own expense, was to provide all the shrubbery to be planted thereunder, the testimony both of the plaintiff and defendant shows that all transactions testified to by the plaintiff, wherein the defendant ordered and paid for certain trees and shrubbery covered by these disputed checks, were made subsequent to the date of the written contract of September 24, 1920. The two checks given by the defendant in payment of these trees and shrubbery ordered by him, according to the testimony of plaintiff, bore date October 6 and October 13, 1920, respectively, and defendant's own testimony was that he drew these checks at the time these respective purchases were made. There is absolutely no testimony in the case tending in the least to show that these collateral agreements, as they are designated by the appellant, were made prior to the date of the written contract. It was not error, therefore, on the part of the court to admit the evidence complained of.

[2] Appellant further contends that the evidence was insufficient to support the findings in three particulars: First, that defendant was indebted to the plaintiff in the sum of $550; second, that plaintiff had completed his contract; third, that, as the evidence failed to show that plaintiff had completed his contract, the finding of the court that interest was due from date of completion of contract was unsupported by the evidence. There is ample evidence to be found in the testimony of the respondent to support all these findings. It is true that appellant testified that the contract had never been completed by the plaintiff, and that nothing was due thereon to the plaintiff, but this simply produced

a conflict in the evidence, and according to the well-established rule, the findings of the lower court are conclusive where the evidence is conflicting.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.